IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal Action No. 14-cr-278-KD-N-1 |
| ) | |
| JORGE LUIS CISNEROS-ZUNIGA ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the "Notice of Appeal of Detention" filed by defendant Jorge Luis Cisneros-Zuniga (Doc. 23) and the Government's response (Doc. 27). In the Order of Detention, Magistrate Judge Nelson found that given the evidence presented at the hearing, the Defendant poses a serious risk of nonappearance, as well as a flight risk. (Doc. 20).

Pursuant to the Local Rules for the Southern District of Alabama, the District Court reviews an order of detention *de novo. See* LR 72.5(a)(3); *United States v. Hurtado,* 779 F.2d 1467 (11th Cir.1985). The Bail Reform Act, 18 U.S.C. § 3141, governs the release and detention of a defendant prior to trial. Pursuant to 18 U.S.C. § 3142(f)(2)(A), the Government may move for detention in a case that involves "a serious risk that such person [the defendant] will flee." When considering pretrial detention, the Court must decide whether there are conditions of release that will reasonably assure the appearance of the defendant and protect the safety of any other person or the community. *See* 18 U.S.C. § 3142(e). Factors relevant to this inquiry are: 1) the nature and circumstances of the offense, 2) the weight of the evidence, 3) the history and characteristics of the defendant, and 4) the nature and seriousness of the danger posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

On December 8, 2014, the Magistrate Judge held a detention hearing. The Court has

conducted a *de novo* review of the pleadings and the taped recording of the detention hearing. The Court **AFFIRMS** the Magistrate Judge's order on detention (Doc. 20) but adds the following for clarification purposes. The Court finds that the Defendant has been deported on three (3) previous occasions and, as represented by the Government at the detention hearing, is in violation of administrative orders ordering his removal from the United States. Under 8 U.S.C. § 1231(a)(5):

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

As there has been no dispute as to the existence of administrative removal orders, making it a near certainty that the defendant would be removed from the United States if released, there are no conditions available to reasonably assure his appearance for trial.[1] *See United States v. Ramirez-Hernandez*, 910 F.Supp.2d 1155 (N.D. Iowa 2012) (Ordering three defendants with removal orders to remain detained due to high risk of nonappearance because removal orders would be reinstated if defendants were released, leading to deportation, making appearance at trial impossible, and explaining the processes and laws pertaining to administrative removal orders).

Though nonappearance may be involuntary if the defendant is deported, the express language of the statute mandates detention if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and

---

1 It appears from the record that an Immigration and Customs Enforcement (ICE) "hold" or detainer is in place with regard to the defendant.

the safety of any other person in the community." 18 U.S.C. § 3142(e). Nothing about this language suggests that the Court can consider only the risk of intentional flight when assessing the "appearance" factor.

Accordingly, the Court hereby **AFFIRMS** the Magistrate Judge's decision to detain the Defendant pending trial (Doc. 20) and **DENIES** the Defendant's Appeal (Doc. 23).

**DONE** this 6th day of January, 2015.

                            s/ Kristi K. DuBose
                            **KRISTI K. DuBOSE**
                            **UNITED STATES DISTRICT JUDGE**